# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. __1:17cv6__ |
| | ) | |
| ROBERT BRACE, | ) | |
| ROBERT BRACE FARMS, Inc., and | ) | |
| ROBERT BRACE and SONS, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The United States of America ("United States"), by the authority of the Attorney General and at the request of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action commenced under section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), to obtain injunctive relief and civil penalties against Robert Brace, Robert Brace Farms, Inc., and Robert Brace and Sons, Inc. ("Defendants"), for the discharge of pollutants into waters of the United States in McKean and Waterford Townships, Erie County, Pennsylvania, without authorization by the United States Department of the Army, in violation of CWA section 301(a), 33 U.S.C. § 1311(a).

2. In this action, the United States seeks: (1) to enjoin the discharge of pollutants into waters of the United States without a permit, in violation of CWA section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendants, at their own expense and at the direction of EPA, to restore

and/or mitigate the damages caused by their unlawful activities; and (3) to require Defendants to pay civil penalties as provided in 33 U.S.C. § 1319(d).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in the Western District of Pennsylvania pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), because the Defendants reside and/or conduct business in this District, the subject property is located in this District, and the cause of action alleged herein arose in this District.

5. Notice of the commencement of this action has been provided to the Commonwealth of Pennsylvania as required by CWA section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

6. Plaintiff United States of America, acting at the request and on behalf of the EPA, is vested with authority to bring this action under 28 U.S.C. §§ 516 and 519 and 33 U.S.C. § 1366.

7. Defendant Robert Brace is a private individual who resides and conducts business in the Western District of Pennsylvania. Mr. Brace is an officer of Defendant Robert Brace Farms, Inc., and an officer of Defendant Robert Brace and Sons, Inc. Upon information and belief, Mr. Brace resides or at one time resided at 1131 Route 97, Waterford, Erie County, Pennsylvania.

8. Defendant Robert Brace Farms, Inc., is a corporation organized under the laws of Pennsylvania with a business address of 1131 Route 97, P.O. Box 338, Waterford, Erie County,

PA 16441.

9. Defendant Robert Brace and Sons, Inc., is a corporation organized under the laws of Pennsylvania with a business address of 1131 Route 97, P.O. Box 338, Waterford, PA 16441.

10. Each Defendant is a "person" within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

11. At all times relevant to the Complaint, one or more of the Defendants either owned or otherwise controlled the real property that is the subject of this Complaint and/or otherwise controlled the activities that occurred on such property.

## STATUTORY AND REGULATORY BACKGROUND

12. CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters except in compliance with, *inter alia*, a permit issued pursuant to CWA section 404, 33 U.S.C. § 1344.

13. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Chief of Engineers, U.S. Army Corps of Engineers, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

14. CWA section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

15. CWA section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, *inter alia*, dredged spoil, rock, sand, and cellar dirt.

16. CWA section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

3

17. Federal regulations implementing the CWA at 33 C.F.R. § 328.3(a)(1), (2), (5) and (7), and 40 C.F.R. § 232.2, define "waters of the United States" to include: (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce ("traditional navigable waters"); (ii) all inter-state waters; (iii) tributaries to such waters; and (iv) wetlands adjacent to such waters or their tributaries.[1]

18. Federal regulations implementing the CWA at 33 C.F.R. § 328.3(b) and 40 C.F.R. § 232.2 define "wetlands" as "those areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

19. Federal regulations implementing the CWA at 33 C.F.R. § 328.3(c) and 40 C.F.R. § 230.3(b) define "adjacent" as "bordering, contiguous, or neighboring."

20. CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

21. CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include "an individual [or] corporation, partnership, [or] municipality."

22. CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

---

[1] Citations to 33 C.F.R. Part 328 and 40 C.F.R. Part 232 in this Complaint are to those effective through August 27, 2015. *See In re E.P.A.*, 803 F.3d 804 (6th Cir. 2015) (issuing a temporary nationwide stay of EPA and United States Army Corps of Engineers final rule defining the scope of waters covered by the CWA, effective on August 28, 2015).

23. CWA section 309(d), 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

24. Any person who violates CWA section 301(a), 33 U.S.C. § 1311(a), shall be subject to civil penalties of up to $37,500 per day for each violation occurring between January 12, 2009, and November 2, 2015, and up to $51,570 per day for violations occurring after November 2, 2015, pursuant to CWA section 309(d), 33 U.S.C. § 1319(d), and 40 C.F.R. § 19.4 (as adjusted over time as required by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 note; Pub. L. 101-410), as amended by the Debt Collection Improvement Act of 1996, and most recently, by the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015 (28 U.S.C. § 2461 note; Pub. L.114-74, Section 701)).

## GENERAL ALLEGATIONS

### The Marsh Site

25. The real property that is subject of this Complaint comprises two contiguous Tax Parcels, 47-011-004-0-003.00 and 31-016-063.0-002.00 as identified by the Erie County Bureau of Assessment. This real estate, collectively the "Marsh Site," is identified in Exhibit A.

26. Upon information and belief, Defendant Robert Brace purchased the Marsh Site in May 2012.

27. Upon information and belief, at all times relevant to this Complaint, the Marsh Site was owned, controlled, and/or operated by Defendants.

28. The Marsh Site comprises approximately 20.01 contiguous acres located in the Townships of McKean and Waterford, Erie County, Pennsylvania, immediately east of Sharp

5

Road, north of Lane Road and south of Greenlee Road.

29. The Marsh Site is situated to the north of Lane Road, directly northwest of thirty acres of wetlands subject to a court-ordered Consent Decree entered on September 23, 1996, in *United States v. Brace et al.*, Civ. No. 90-229 (W.D. Pa.), after Defendants Robert Brace and Robert Brace Farms, Inc., were found liable for CWA violations (similar to those alleged here) for the unpermitted discharge of pollutants by dredging, filling, leveling, and draining those wetlands. *See United States v. Brace*, 41 F.3d 117, 120 (3d Cir. 1994).

### Aquatic Features Associated with the Marsh Site

30. Approximately 1,500 linear feet of Elk Creek flow through the Marsh Site.

31. Elk Creek is a perennial tributary that flows approximately 29.2 miles from the Marsh Site to Lake Erie.

32. Elk Creek is stocked with steelhead and brown trout. Elk Creek serves as a habitat for benthic macroinvertebrate species, which serve as food for trout and other species of fish. Elk Creek plays a role in conveying energy in the form of dissolved and particulate organic matter from the forested terrestrial area to downstream waters, including Lake Erie, where the organic matter can be utilized by the aquatic community.

33. Lake Erie is a traditionally navigable water under 33 C.F.R. § 328.3(a)(1) and 40 C.F.R. § 232.2.

34. The Marsh Site contains wetlands as defined by 33 C.F.R. § 328.3(b) and 40 C.F.R. § 232.2.

35. The impacted wetlands at the Marsh Site directly abut and have a continuous surface connection to Elk Creek.

36. The impacted wetlands at the Marsh Site, alone or in combination with similarly situated features in the region, *inter alia*, provide or provided, prior to the subject unauthorized activities, flood control and/or flood storage; provide or provided pollutant trapping and/or filtering functions; provide or provided nutrient transport; and/or maintain or maintained the chemical composition of the water, natural discharge patterns, and water quality functions that contributed to the aquatic and wildlife habitat of the Elk Creek and Lake Erie watersheds.

37. Lake Erie, Elk Creek, and the impacted wetlands at the Marsh Site are "waters of the United States" within the meaning of the CWA and the regulations promulgated thereunder at 33 C.F.R. § 328.3(a) and 40 C.F.R. § 232.2.

### Unauthorized Discharges of Pollutants at the Marsh Site

38. After Defendant Robert Brace purchased the Marsh Site in May 2012, one or more of the Defendants and/or persons acting on their behalf conducted earthmoving activities, including but not limited to land-clearing, grubbing, ditching, sidecasting, and installing tile drains and a culvert pipe, impacting approximately 14 acres of wetlands abutting Elk Creek at the Marsh Site.

39. The activities described in Paragraph 38, caused by one or more of the Defendants and/or persons acting on their behalf, resulted in the unauthorized discharges of "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6), including dredged and/or fill material, into the wetlands at the Marsh Site.

40. One or more of the Defendants and/or persons acting on their behalf used mechanized land-clearing and earth-moving equipment to accomplish the discharges described in Paragraph 38.

41. The Defendants did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers, U.S. Army Corps of Engineers, for the discharges of dredged or fill material into waters of the United States as required by CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344.

42. Upon information and belief, one or more of the Defendants conducted, contracted for, supervised and/or otherwise controlled the unauthorized discharges described in Paragraphs 38.

## **CLAIM FOR RELIEF**
### **(CLEAN WATER ACT)**

43. Plaintiff re-alleges Paragraphs 1 through 42 and incorporate those allegations by reference.

44. Defendants are persons within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

45. Through the activities described above, Defendants and/or persons acting on their behalf discharged dredged and/or fill material into approximately 14 acres of wetlands abutting Elk Creek.

46. The wetlands at the Marsh Site constitute "waters of the United States" within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7), and within the meaning of the federal regulations implementing the CWA at 33 C.F.R. § 328.3(a) and 40 C.F.R. §232.2.

47. The dredged or fill material that one or more of the Defendants and/or persons acting on their behalf, caused to be discharged includes, among other things, dirt, spoil, rock and sand, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. §

8

1362(6).

48. One or more of the Defendants and/or persons acting on their behalf used mechanized land-clearing and earth-moving equipment that resulted in the discharges. This equipment constitutes "point source[s]" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

49. Defendants did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers, U.S. Army Corps of Engineers, for the discharges of dredged or fill material into waters of the United States as required by CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344.

50. Defendants have thus violated and continue to violate CWA section 301(a), 33 U.S.C. § 1311(a), by their unauthorized discharges of dredged or fill material into wetlands that are waters of the United States at the Marsh Site.

51. Each day that such material remains in place constitutes a separate violation of CWA section 301(a), 33 U.S.C. § 1311(a).

52. Under CWA sections 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d), Defendants are liable for injunctive relief and civil penalties for violating CWA section 301(a), 33 U.S.C. § 1311(a).

53. Unless enjoined, Defendants, and/or persons acting on their behalf, are likely to continue to discharge dredged or fill material into and/or to allow dredged or fill material to remain in waters of the United States at the Marsh Site in violation of CWA section 301, 33 U.S.C. § 1311.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff the United States of America respectfully requests that this Court order the following relief:

I. That the Defendants be permanently enjoined from discharging or causing the discharge of dredged or fill material or other pollutants into any waters of the United States except in compliance with the CWA;

II. That the Defendants be enjoined to undertake measures, at Defendants' own expense and at the direction of EPA, to effect complete restoration of the Marsh Site and conduct mitigation for irreversible environmental damage;

III. That the Defendants be assessed pursuant to CWA section 309(d), 33 U.S.C. § 1319(d), a civil penalty for each day for each violation of CWA section 301(a), 33 U.S.C. § 1311(a);

IV. That the United States be awarded costs and disbursements in this action; and

V. That this Court grant the United States such other relief as the Court may deem just and proper.

Dated: 1/9/2017          Respectfully submitted,

          SOO C. SONG
          Acting United States Attorney
          Western District of Pennsylvania

          s/ Paul E. Skirtich
          PAUL E. SKIRTICH (PA Bar #30440)

Assistant United States Attorney
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7418
Paul.Skirtich@usdoj.gov

JOHN C. CRUDEN
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

s/ Laura J. Brown
LAURA J. BROWN (PA Bar # 208171)
CHLOE KOLMAN (IL Bar # 6306360)
BRIAN UHOLIK (PA Bar # 209518)
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
601 D Street, N.W., Suite 8000
Washington, DC 20004
Phone: (202) 514-3376 (Brown)
Phone: (202) 514-9277 (Kolman)
Phone: (202) 305-0733 (Uholik)
Laura.J.S.Brown@usdoj.gov
Chloe.Kolman@usdoj.gov
Brian.Uholik@usdoj.gov

OF COUNSEL:

Melissa Schefski, Esq.
United States Environmental Protection Agency
Office of Compliance and Enforcement Assurance
1595 Wynkoop Street
Denver, Colorado 80202

Pamela J. Lazos, Esq.
Assistant Regional Counsel
United States Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103

11