IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ROBERT BRACE,<br>ROBERT BRACE FARMS, INC., and<br>ROBERT BRACE and SONS, INC.<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:17-cv-00006-BR |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendants, Robert Brace, Robert Brace Farms, Inc., and Robert Brace and Sons, Inc., by and through their respective undersigned counsel, hereby file the following Answer to Complaint.

**NATURE OF THE ACTION**

1. It is admitted only that the United States has brought a civil action under the identified statutes seeking the identified relief. It is denied that United States is entitled to any relief or that its claims have any legal or factual merit.

2. It is admitted only that the United States is seeking the identified relief. It is denied that United States is entitled to any relief or that its claims have any legal or factual merit.

**JURISDICTION AND VENUE**

3. This allegation constitutes a legal conclusion to which no response is required.

4. This allegation constitutes a legal conclusion to which no response is required.

5. Defendants lack sufficient knowledge to determine the truth of this allegations and, therefore, it is denied.

**THE PARTIES**

6. This allegation constitutes a legal conclusion to which no response is required.

7. Admitted

8. Admitted

9. Admitted

10. This allegation constitutes a legal conclusion to which no response is required.

11. It is admitted only that one or more of the defendants owned and/or controlled the real property that the United States has made the subject of its Complaint. Defendants deny the occurrence of the "activities" that the United States references, and therefore, the remaining allegations of this paragraph are denied.

**STATUTORY AND REGULATORY BACKGROUND**

12. This allegation constitutes a legal conclusion to which no response is required.

13. This allegation constitutes a legal conclusion to which no response is required.

14. This allegation constitutes a legal conclusion to which no response is required.

15. This allegation constitutes a legal conclusion to which no response is required.

16. This allegation constitutes a legal conclusion to which no response is required.

17. This allegation constitutes a legal conclusion to which no response is required.

18. This allegation constitutes a legal conclusion to which no response is required.

19. This allegation constitutes a legal conclusion to which no response is required.

20. This allegation constitutes a legal conclusion to which no response is required.

21. This allegation constitutes a legal conclusion to which no response is required.

22. This allegation constitutes a legal conclusion to which no response is required.

23. This allegation constitutes a legal conclusion to which no response is required.

24. This allegation constitutes a legal conclusion to which no response is required.

## GENERAL ALLEGATIONS

### The Marsh Site

25. Admitted

26. Admitted

27. It is admitted only that, after Defendants purchased the Marsh Site, they owned, controlled, and/or operated it. The remaining allegations of this paragraph are denied.

28. Admitted

29. It is admitted only that the Marsh Site is situated to the north of Lane Road. The remaining allegations are denied.

### Aquatic Features Associated with the Marsh Site

30. Denied.

31. It is denied that Elk Creek flows through the Marsh Site. Defendants lack sufficient information to determine the truth of the remaining allegations, and therefore, they are denied.

32. Defendants lack sufficient information to determine the truth of the remaining allegations, and therefore, they are denied.

33. This allegation constitutes a legal conclusion to which no response is required.

34. This allegation constitutes a legal conclusion to which no response is required.

35. Denied.

36. Denied.

37. Denied.

**Unauthorized Discharges of Pollutants at the Marsh Site**

38. It is admitted only that Defendant did perform some authorized earth moving activities on the Marsh Site. The remaining allegations of this paragraph are denied. In further response, none of Defendants' activities on the Marsh Site (or any other site) impacted wetlands.

39. Denied.

40. It is denied that the discharges described in paragraph 38 occurred, and therefore, this allegation is also denied.

41. It is denied that Defendants discharged any unauthorized fill material into waters of the United States, and therefore, it is denied that Defendants required any permit related to the Marsh Site.

42. It is denied that Defendants engaged in any unauthorized activities as described in paragraph 38, and therefore, this allegation is also denied.

**CLAIM FOR RELIEF**
**(CLEAN WATER ACT)**

43. Defendants incorporate paragraphs 1 through 42 of this Answer by reference.

44. This allegation constitutes a legal conclusion to which no response is required.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. It is denied that Defendants were required to obtain a permit for any activity they took on the Marsh Site, or any other site.

50. Denied.

51. This allegation constitutes a legal conclusion to which no response is required. In the event a response is deemed necessary, this allegation is denied.

52. Denied.

53. Denied.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor as to all claims, and that they be awarded appropriate costs and fees.

## AFFIRMATIVE DEFENSES

54. The United States engaged in conduct that led the Defendants to believe that the physical activities in which they engaged on the Marsh Property were permissible and authorized.

55. The United States Claims are barred, in whole or in part, based on the doctrine of unclean hands.

56. The United States' claims are barred, in whole or in part, based on fraud and/or fraudulent inducement.

57. The United States' claims are barred, in whole or in part, based on the official swampbuster determinations Defendants received following its compliance with relevant and applicable federal regulations promulgated by other United States agencies and by Plaintiffs

covering the property and farming operations at issue, which the United States had misrepresented to the court in the prior referred-to litigation involving Defendants (Civ. No. 90-229 (W.D. Pa.)) and in other litigation before the Federal Court of Claims.

58. The United States' claims are barred, in whole or in part, based on their consistent use of the property at issue for agricultural purposes.

59. The United States claims are barred, in whole or in part, based on the inconsistent and contradictory positions it has taken, including those premised on the statements its agents have made under oath, in other litigation involving these Defendants.

60. The United States claims are barred, in whole or in part, based on the United States' agents and employees violating Defendants' substantive due process rights.

61. The United States claims are barred, in whole or in part, based on the United States' agents and employees violating Defendants' constitutionally protected property rights.

62. The United States claims are barred, in whole or in part, based on the United States' failure to identify a precise date on which they claim that the unauthorized activities at issue took place.

63. The United States claims are barred, in whole or in part, based on changes in regulations, guidance documents, and publications that occurred during the periods of time at issue in this matter.

64. The United States claims are barred by the inconsistent, contradictory and continuously changing federal regulations, guidance documents and publications promulgated, implemented and/or issued by multiple federal agencies of the United States, including, but not limited to Plaintiffs, which Plaintiffs have arbitrarily and capriciously imposed on Defendants' farming operations.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor as to all claims, and that they be awarded appropriate costs and fees.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.

By*:* */s/ Neal R. Devlin*
Neal R. Devlin, Esq. (PA ID No. 89223)
Alexander K. Cox, Esq. (PA ID No. 322065)
120 West Tenth Street
Erie, PA 16501-1461
Telephone: (814) 459-2800
Fax: (814) 453-4530
Email: ndevlin@kmgslaw.com

THE KOGAN LAW GROUP, P.C.

By*:* */s/ Lawrence A. Kogan*
Lawrence A. Kogan, Esq. (*Pro Hac Vice Pending*) (NY # 2172955)
100 United Nations Plaza, Suite 14F
New York, NY 10017
Telephone: (212) 644-9240
Email: lkogan@koganlawgroup.com

Attorneys for Defendants,
Robert Brace,
Robert Brace Farms, Inc., and
Robert Brace and Sons, Inc.

# 1787738.v1