# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br><br>      v.<br><br>ROBERT BRACE,<br>ROBERT BRACE FARMS, INC., AND<br>ROBERT BRACE AND SONS, INC.,<br><br>                                  Defendants. | Civil Action  1:17-cv-00006 (BJR)<br><br><br><br>ORDER STRIKING DEFENDANTS'<br>AFFIRMATIVE DEFENSES AND<br>GRANTING LEAVE TO AMEND |

Plaintiff United States brings this action pursuant to the Clean Water Act, 33 U.S.C. § 1319(b), (d).  Doc. 1.  In their Answer, Defendants Robert Brace, Robert Brace Farms, Inc., and Robert Brace and Sons, Inc., assert eleven affirmative defenses.  Doc. 7.  The United States now moves to strike eight of Defendants' affirmative defenses, arguing that they are inadequately pled.  Doc. 17.  Additionally, or alternatively, the United States argues that Defendants have asserted equitable defenses that cannot be maintained against the Government.  *Id.*  Defendants oppose the motion.  Doc. 21.

The parties spend a great deal of time discussing the disagreement among courts as to when, if ever, defendants can assert equitable defenses against the United States.  *See* Doc. 17 at 4-8; Doc. 21 at 2-6; Doc. 22 at 4-9.  Citing to a slew of cases, the United States raises serious and valid criticisms regarding the substance of Defendants' affirmative defenses.  *See, e.g.*, *Nat'l Labor Relations Bd. v. Kingston Cake Co.*, 206 F.2d 604, 611 (3d Cir. 1953) ("[T]he [unclean hands] doctrine does not apply since this is a proceeding by a governmental agency seeking enforcement of its order in the public interest."); *Heckler v. Cmty. Health Servs. of Crawford Cty., Inc.*, 467

U.S. 51, 60 (1984) ("[I]t is well settled that the Government may not be estopped on the same terms as any other litigant."). However, the Court finds that at this stage, it need not determine whether Defendants can assert such defenses, because the challenged affirmative defenses are not adequately pled under any standard. *See* Fed. R. Civ. P. 12(f); *cf. Cippolone v. Liggett Grp., Inc.*, 789 F.2d 181, 188 (3d Cir. 1986) ("[A] court should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent."); *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 903 (E.D. Pa. 2011) ("[A]n affirmative defense must only provide the opponent fair notice of the issue involved.").

Defendants' "affirmative defenses" consist of eleven numbered paragraphs, all of which are one sentence long, and none of which are labeled. Doc. 7 at 5-6. The events at issue span at least six years and involve two parcels of land comprising approximately 20.01 acres. Doc. 1. Yet Defendants' one-sentence paragraphs contain no particularities at all. *See, e.g.*, Doc. 7 at 6, ¶ 63 ("The United States claims are barred, in whole or in part, based on changes in regulations, guidance documents, and publications that occurred during the periods of time at issue in this matter."). In a case of this magnitude, such vague accusations cannot be expected to put the United States on notice. *Cf. Mifflinburg Tel., Inc. v. Criswell*, 80 F. Supp. 3d 566, 574 (M.D. Pa. 2015) (striking a list of affirmative defenses devoid of elaboration where they may have prejudiced the plaintiff due to the scope of discovery.)

Accordingly, the Court orders as follows:

1) The Court STRIKES Defendants' affirmative defenses listed in paragraphs 54-57, 59, and 62-64 of Doc. 7, without prejudice. Defendants are granted leave to amend their pleading, but shall do so no later than February 9, 2018; and

2) The Court STRIKES the Government's motion [17] with leave to refile.

Dated this 25th day of January, 2018.

*Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE