# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>ROBERT BRACE,<br>ROBERT BRACE FARMS, INC., AND<br>ROBERT BRACE AND SONS, INC.,<br><br>                             Defendants. | Civil Action 1:17-cv-00006 (BR)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS AND GRANTING DEFENDANTS' MOTION TO WITHDRAW AS ATTORNEY |

## I.    INTRODUCTION

Before the Court are two motions: (1) Plaintiff United States' renewed motion for attorney fees and costs, Dkt. No. 169 (renewed from Dkt. No. 54), and (2) Defendants' motion to withdraw as attorney, Dkt. No. 162. Having reviewed the motions, the oppositions thereto, the record of the case, and the relevant legal authorities, the Court will deny the United States' motion and grant Defendants' motion. The reasoning for the Court's decision follows.

## II.    BACKGROUND

The Court laid out the background of this case in depth in its recent order granting the United States' motion for summary judgment on liability. *See* Dkt. No. 158.

As it relates to the current motions, the United States originally submitted its motion for attorneys fees and costs in April 2018. Dkt. No. 54. The motion contends that Defendants' counsel, the law firms of The Kogan Law Group, P.C. and Knox McLaughlin Gornall & Sennett, P.C., so ill-prepared Defendants' Rule 30(b)(6) witness for a deposition held on January 9, 2018 that the government was required to conduct a second round of depositions between January 30

1

to 31, 2018. Dkt. No. 169 at 2. The United States avers that it incurred additional costs of $5,316.02 as a result of this unpreparedness, and now seeks reimbursement. *Id.*

The Court struck the United States' original motion, "reserve[ing] ruling on matters relating to sanctions and fees until [the Court had] ruled on dispositive motions." Dkt. No. 141. On August 12, 2019, the Court granted the United States' motion for summary judgment on liability. Dkt. No. 158. Defendants' counsel, Lawrence Kogan of The Kogan Law Group, P.C., informs the Court that, in response to the adverse ruling, Defendants exercised the termination clause in counsel's engagement agreement, discharging him as legal representative in this matter. Dkt. No. 162 at 1. Counsel then moved to withdraw from this matter. *Id.*

The United States opposed Mr. Kogan's withdraw, stating that it intended to renew their motion for motion for attorney fees and costs, which it did on September 18, 2019. Dkt. No. 163; Dkt. No. 169. Both motions have been fully briefed.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 30(b)(6) "sets forth the manner in which a corporation may be deposed." *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 216 (E.D. Pa. 2008). It requires a noticed organization to "designate one or more officers" or "other persons" to "testify on its behalf." FED. R. CIV. P. 30(b)(6). The designate "must testify about information known or reasonably available to the organization." *Id.* "A Rule 30(b)(6) designee," after all, "'is not simply testifying about matters within his or her personal knowledge, but rather is speaking for the corporation about matters to which the corporation has reasonable access." *State Farm Mut. Auto. Ins.*, 250 F.R.D. at 216 (quoting *In re Linerboard Antitrust Litig.*, 237 F.R.D. 373, 382 (E.D. Pa. 2006)).

Courts have found that several duties arise from Rule 30(b)(6). "The designated deponent has a duty of being knowledgeable on the subject matter identified in the area of

2

inquiry," and "[a] corporation must prepare its selected deponent to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know." *Ideal Aerosmith, Inc. v. Acutronic USA, Inc.*, No. 07-1029, 2008 WL 4693374, at *2 (W.D. Pa. Oct. 23, 2008); *see also Robinson v. Countrywide Home Loans, Inc.*, No. 08-1563, 2010 WL 4225884, at *1 (W.D. Pa. Oct. 21, 2010). While the deponent must be "properly prepared," however, they "'need not have perfect responses to each question, nor a clairvoyant ability to predict every single question that may be posed.'" *Oy v. Verizon Servs. Corp.*, No. 12-715, 2013 WL 5675516, at *2 (D. Del. Oct. 15, 2013) (quoting *Estrada v. Wass*, No. 10-1560, 2012 WL 1268533, at *2 (M.D. Pa. Apr. 16, 2012)). Additionally, "[i]f 'the corporate designee lacks sufficient knowledge of the relevant facts to provide adequate responses to the discovering party's requests . . . the onus falls on the corporation to present an additional designee capable of providing sufficient answers to the eluded requests.'" *Colwell v. Rite Aid Corp.*, No. 07-502, 2008 WL 11336789, at *2 (M.D. Pa. Jan. 24, 2008) (quoting *Barron v. Caterpillar, Inc.*, 168 F.R.D. 175, 177 (E.D. Pa. 1996)).

Finally, "producing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d)." *State Farm Mut. Auto. Ins.*, 250 F.R.D. at 217 (quoting *Black Horse Lane Assoc.*, 228 F.3d at 304). Rule 37(d), in turn, empowers the Court to order offenders of Rule 30(b)(6) to "pay the reasonable expenses, including attorney's fees, caused by the failure." FED. R. CIV. P. 37(d)(3).

## IV. ANALYSIS

The Court has reviewed the full transcript of the January 9, 2018 deposition. Dkt. No. 171-1. While Mr. Brace, Defendants' Rule 30(b)(6) designee, certainly was not the picture of preparedness, the Court finds that his responses at the deposition were not tantamount to failing to appear. From the Court's review of the transcript, Mr. Brace did not appear to be abrasive,

evasive, or purposefully ignorant. He answered many questions to the best of his ability at that moment and indicated the places he would have to consult to obtain substantive answers.

While Mr. Braces' attorneys spent five hours preparing him for this specific testimony, which turned out to be inadequate, the extent of preparations needed is fact specific to the case at hand. *See State Farm Mut. Auto. Ins.*, 250 F.R.D. at 218 (stating that the claim that two meetings "in a case . . . involving thousands of documents" was sufficient to prepare a Rule 30(b)(6) "strains credulity"). Mr. Brace testified during the deposition that, despite his short preparation, he was prepared through the course of litigating this and his previous enforcement action, *United States v. Brace, et al.*, No. 90-229 (W.D. Pa. filed Oct. 4, 1990), and gathering and reviewing documents related to both actions. *See* Dkt. No. 171-1 at 11:2–6, 12:2–7, 13:18–24. The Court is inclined to believe this testimony, as Mr. Brace has been litigating similar matters with the United States for close to 30 years.

Finally, when it became apparent that Mr. Brace was not fully prepared to answer all of the government's questions, Defendants did exactly what their duty required and designated an additional Rule 30(b)(6) witness with the necessary information who, along with Mr. Brace for a second time, was deposed shortly thereafter. Dkt. No. 169 at 6–7; Dkt. No. 171 at 2, 11; *see Colwell*, 2008 WL 11336789 at *2. This witness, along with another identified witness, also testified in their personal capacities, which seems to have satisfied the government's requirements on the notified subjects. *See generally* Dkt. No. 169 at 7 (no additional trips to Erie to conduct further depositions after the second round conducted); Dkt. No. 171 at 2 (discussing terms of apparent agreement between United States and Defendants regarding the provision of witnesses for second round of depositions). Thus, the Court finds that Defendants' counsel did not violate Rule 30(b)(6) and will therefore deny the government's motion for fees and costs.

Having denied the United States' motion, no opposition is left to defense counsel's

withdrawal. As such, the Court will grant Defendants' motion to withdraw as attorney.

## V. CONCLUSION

For the foregoing reasons, the United States' renewed motion for attorney fees and costs, Dkt. No. 169, is DENIED and Defendants' motion to withdraw as attorney, Dkt. No. 162, is GRANTED.

IT IS SO ORDERED.

Dated this 7th day of October, 2019.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE